**UNITED STATES of America,**
**Appellee,**

v.

**Dmitry KUPERMAN, Defendant–**
**Appellant.**

**No. 07–1603–cr.**

United States Court of Appeals,
Second Circuit.

Aug. 6, 2008.

William F. Dow, III (Trisha M. Morris, on the brief), Jacobs, Grudberg, Belt, Dow & Katz P.C., New Haven, CT, for Defendant–Appellant.

Michael S. McGarry, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, of counsel), for Kevin J. O'Connor, United States Attorney for the District of Connecticut, New Haven, CT, for Appellee.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

**SUMMARY ORDER**

We assume familiarity with the underlying facts and procedural history of this case, as well as the issues on appeal. On May 16, 2006, Defendant–Appellant Dmitry Kuperman pled guilty to conspiracy to commit mail fraud, securities fraud, and money laundering in violation of 18 U.S.C. § 371, and one substantive count of securities fraud in violation of 15 U.S.C. §§ 77q(a) and 77x. Along with several co-defendants, Kuperman participated in a scheme to set up a phony venture capital firm, cold-call potential "investors," and divert those funds for personal use and benefit. The total amount lost by investor-victims from two identical frauds in which Kuperman assisted was almost $5 million.

On March 29, 2007, Kuperman was sentenced in the United States District Court for the District of Connecticut (Janet C.

Hall, *J.* ). Kuperman received 42 months' imprisonment on each count to run consecutively, for a total of 84 months. The district court had calculated Kuperman's total offense level to be 33, resulting in a Guidelines sentencing range of 135–168 months. However, because the statutory maximum on each count of conviction was five years, the court concluded that Kuperman's effective sentencing range was 120 months, from which it departed downward in recognition of the government's motion under U.S.S.G. § 5K1.1. Kuperman argued that his total offense level was 29, resulting in a Guidelines range of 87–108 months. Therefore, the final sentence he received was three months lower than the bottom end of the range for which he advocated at sentencing.

On appeal, Kuperman argues that his sentence was unreasonable in that the district court misapplied the factors listed in 18 U.S.C. § 3553(a). In the aftermath of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we review sentences for substantive and procedural reasonableness. *United States v. Crosby,* 397 F.3d 103, 114 (2d Cir.2005). "[R]easonableness review merely asks whether the trial court abused its discretion." *United States v. Cutler,* 520 F.3d 136, 156 (2d Cir.2008) (quoting *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007)). For a sentence to be procedurally reasonable, a district court must, *inter alia,* consider the § 3553(a) factors and "adequately explain the chosen sentence." *Cutler,* 520 F.3d at 156. However, we have held that a district court is not required to "discuss each [§ 3553(a) factor] individually," nor to "expressly parse or address every argument relating to those factors that the defendant advanced." *United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006). "[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged [the] duty to consider the statutory factors." *Id.*

In this case, the record establishes that the district court diligently considered the § 3553(a) factors in light of the unique circumstances of this case. The court stated at the beginning of the hearing that "Congress directed that I impose that sentence after consideration of the factors it has identified in 3553(a) and the court intends to do that." The court entertained extensive argument from both sides and allowed Kuperman to make a statement. The court also explicitly discussed several of the § 3553(a) factors at length, including the nature and circumstances of the offense, Kuperman's history and characteristics, the need for the sentence, deterrence, the provision of education or vocational or correctional treatment, and the avoidance of unwarranted sentencing disparities. Finally, the court provided a detailed explanation of its downward departure based on Kuperman's cooperation with the government. We detect neither procedural unreasonableness in the way the district court arrived at Kuperman's sentence, nor substantive unreasonableness in the length of the sentence.

For the foregoing reasons, the judgment of conviction is AFFIRMED.